that respondent was a " '[d]etained sex offender' " (Mental Hygiene Law § 10.03 [g]), inasmuch as he was convicted of sex offenses pursuant to article 10 and was currently serving a sentence for such offenses "or for a related offense" (§ 10.03 [g] [1]). We conclude that the court properly determined that respondent fell within the third category of related offenses, i.e., those "which are the bases of the orders of commitment received by [DOCS] in connection with an inmate's current term of incarceration" (§ 10.03 [1]). Unlike the situation in *Rashid* (68 AD3d 615), here, petitioner was in the custody of DOCS pursuant to the order of commitment entered in Chautauqua County at the time the petition was filed. Present—Scudder, P.J., Fahey, Carni, Sconiers and Martoche, JJ.

■ In the Matter of KELI-KORAN LUCHEY, Respondent-Appellant, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF THE CITY OF NIAGARA FALLS et al., Appellants-Respondents. [938 NYS2d 484]

Present—Scudder, P.J., Fahey, Carni and Martoche, JJ.

■ In the Matter of the Judicial Settlement of Final Account of MANUFACTURERS AND TRADERS TRUST COMPANY (as Successor to CENTRAL TRUST COMPANY), as Trustee of the Trust under ARTICLES THIRD AND FOURTH OF THE LAST WILL AND TESTAMENT OF EVELYN B. MULVEY, Deceased, for the Benefit of MARY HULL, Also Deceased, Respondent. EUGENE P. LABUE, Guardian ad Litem for DAVID A. LAWSON, Respondent; RICHARD I. MULVEY, Appellant. [939 NYS2d 682]—